SCOTT HAMBLY,

          Plaintiff,

                                  Case No. 23-cv-1222-bhl

   v.

CITY OF HARTFORD, WISCONSIN et al.

          Defendants.

---

## SCREENING ORDER

---

On September 14, 2023, Scott Hambly, proceeding *pro se*, filed a complaint against the City of Hartford, Wisconsin (Hartford), Washington County, the State of Wisconsin, and Officer Gary Cole,[1] alleging violations of his First, Fourth, Fifth, Ninth, Tenth, and Fourteenth Amendment rights under 42 U.S.C. § 1983. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Hambly reports that he is unemployed but is receiving "temporary payments [of] $651 per month until [O]ctober [2023]" from Wisconsin Works. (ECF No. 2 at 2.) Hambly claims expenses for food and utilities totaling $500 per month. (*Id.*) He lists assets of $500 cash and a home valued at $85,000. (*Id.*) Based on his own reports, Hambly has assets sufficient to facilitate payment of the filing fee. Hambly's considerable home equity ($85,000) precludes the Court from finding

---

[1] Under the "Job or Title" subheading for each defendant on the complaint form, Hambly describes Defendant City of Hartford as the "Hartford Police Department," Defendant Washington County as "Health Human Services Department/CPS/DCF/Court," Defendant State of Wisconsin as the "Department of [Children] and Families," and Defendant Cole as a "Police Officer of Hartford, WI." Officer Cole is sued in his individual capacity. (ECF No. 1 at 2-3.)

that Hambly is indigent. *See Brewer v. Wis. Bd. Of Bar Exam'rs*, No. 04-C-0694, 2007 WL 9736081 (E.D. Wis. Feb. 22, 2007). Accordingly, the Court cannot find Hambly indigent and unable to pay the filing fee and his motion to proceed IFP will be denied. Hambly must pay the full filing fee within 21 days of the date of this order or his case will be dismissed.

### SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

### ALLEGATIONS OF THE COMPLAINT

The allegations in Hambly's *pro se* form complaint are limited. He alleges that, on September 3, 2021, his "ex filed another false police report." (ECF No.1 at 4.) As a result, "Officer Gary Cole yelled at [him] and threatened to have the "judge remove" [his] child." (*Id.*) Two weeks later, Hambly's child was removed by Washington County Child Protective Services

(CPS)[2]. (*Id.*) Hambly alleges this removal was the result of Officer Cole falsely reporting to CPS that Hambly abused his child. (*Id.*) He claims that CPS "put [his] child in a nud[i]st colony where [the child] was exposed to naked adults." (*Id.*) Hambly filed complaints with the Hartford Police Department, to no avail. Hambly alleges that CPS "did not allow due process," and Hartford and the Hartford Police "maliciously slandered [him], filed false charges against [him], illegally had [his] child removed . . ., then illegally detained and interrogated [Hambly] without letting [him] leave . . . ." (*Id.*)

Hambly claims that Defendants violated his First Amendment rights, specifically the freedoms of speech and religion. (*Id.* at 3.) He alleges that Hartford, the Hartford Police Department, and Officer Cole also violated his Fourth, Fifth, Ninth, Tenth, and Fourteenth Amendment rights. (*Id.*) He also claims negligence by the State of Wisconsin in "[allowing government agents] to violate citizens['] rights and giving them special rights and powers to abuse citizens with." (*Id.* at 5.) Hambly says he was diagnosed with Post-Traumatic Stress Disorder (PTSD) resulting from these incidents and that his "name has been slandered" by Defendants. (*Id.*)

For relief, Hambly requests $137,000,000 from Hartford and the Hartford Police Department, "[o]ne million [dollars] for every hour they illegally and maliciously had [Hambly's] child removed from [him]." (*Id.*) He requests the same dollar amount from Washington County for "conspiring with the police, not providing equal protection . . . and [violating] [his and his child's] rights." (*Id.*) Hambly requests an additional $137,000,000 from the State of Wisconsin "for allowing this to happen." (*Id.*)

## ANALYSIS

To state a claim under 42 U.S.C. § 1983, Hambly needs to identify a person or persons acting under color of law who violated his federal rights. *Gibson v. City of Chicago*, 910 F.2d 1510, 1519-20 (7th Cir. 1990). While *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), Hambly must still plead facts sufficient to put the defendant(s) on notice of the claims against them. Under this liberal pleading standard, the Court concludes that Hambly has pleaded sufficient facts to state a claim against Officer Gary Cole, but his allegations are insufficient to state claims against the other named defendants.

---

[2] CPS is a division of the Washington County Health and Human Services Department.

To state a claim under 42 U.S.C. § 1983 against Officer Cole, Hambly must plausibly allege that (1) he was deprived of a federal right; and (2) Officer Cole deprived him of that right while acting under color of state law. *Ienco v. City of Chicago*, 286 F.3d 994, 997-98 (7th Cir. 2002). Hambly meets this threshold (barely). Hambly claims that Officer Cole "[l]ied to CPS[] and told them I abused my child causing my child to be removed from me." (ECF No. 1 at 4.) Hambly does not explicitly claim that Officer Cole did so under color of state law, but given the context it is reasonable to assume he did. *See Latuszkin v. City of Chicago*, 250 F.3d 502, 505-06 (7th Cir. 2001) ("The important consideration . . . in determining whether an officer is acting under color of state law is the nature of the specific acts performed."). Hambly generally alleges that Officer Cole's actions violated his constitutional rights under the First, Fourth, Fifth, Ninth, Tenth, and Fourteenth Amendments. While this laundry list of alleged constitutional violations is overbroad and unhelpful, Hambly is not required to pinpoint a legal theory in his complaint. *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). The Seventh Circuit has recognized that parents have a substantive due process right to familial relations under the Fourteenth Amendment that can be violated when the government forcibly separates a child from his parent without justification. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1018-19 (7th Cir. 2000). Hambly has provided just enough facts to plausibly claim that Officer Cole caused Hambly's child to be removed by lying to CPS about Hambly abusing his child. Accordingly, Hambly has plausibly alleged that Officer Cole's actions violated his Fourteenth Amendment rights.

Hambly's allegations do not state claims for any other constitutional violation against Officer Cole. All other claims against Officer Cole will be dismissed.

Hambly fails to state claims against the State of Wisconsin or the Wisconsin Department of Children and Families. Neither is a proper defendant under Section 1983. It has long been established that "neither a State nor its officials acting in their official capacities are 'persons' [who can be held liable] under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); see also *Ryan v. Ill. Dep't of Child. & Fam. Servs.*, 185 F.3d 751, 758 (7th Cir. 1999) ("[I]t is well established that . . . a state agency . . . is [not] a 'person' for purposes of [Section] 1983."). Hambly cannot attempt to hold the State of Wisconsin or the Wisconsin Department of Children and Families liable for the civil rights violations alleged in the complaint. His claims against both entities will therefore be dismissed with prejudice.

Seventh Circuit precedent also makes clear that "a police department is not a suable entity under [Section] 1983." *Best v. City of Portland*, 554 F.3d 698, 698 n.* (7th Cir. 2009). To the extent Hambly wishes to sue the Hartford Police Department (which is unclear from the complaint), he cannot do so in this Court. And while a municipality, such as the City of Hartford, may be the target of a Section 1983 claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), to maintain such a claim Hambly must plausibly allege a violation of his rights that was either "a result of a municipal custom or policy" or "committed by an individual with final policymaking authority." *Helbacs Café, LLC v. City of Madison*, 46 F.4th 525, 530 (7th Cir. 2022). Hambly fails to identify any such custom or policy by Hartford, nor does he allege any actions by a Hartford official with final policymaking authority. Accordingly, Hambly has failed to state a claim against either Hartford or the Hartford Police Department.

Hambly's claims against Defendant Washington County fail for the same reason. To maintain a *Monell* claim against a county government (or any particular department therein), Hambly must allege that his civil rights were violated pursuant to a county policy, custom or practice. *See Helbacs Café*, 46 F.4th at 527, 530. Hambly has not plausibly alleged that any custom or policy by Washington County, the Washington County Health and Human Services Department, CPS, or any other Washington County entity caused a violation of his rights. Nor has he alleged that the actions of any Washington County official with final policymaking authority did so. Because Hambly has failed to state claims against both Hartford and Washington County, his claims against both parties will be dismissed.

Because Hambly is proceeding *pro se*, the Court will give him two options. He may proceed with his existing complaint and claim against Officer Cole, or he may file an amended complaint and try to correct the deficiencies identified in this Order. If he decides to file an amended complaint, Hambly should only name as defendants those specific individuals or entities that directly violated his rights. He should explain how each named defendant violated his rights and describe the injuries he suffered due to those violations. Hambly is advised that his amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that Hambly's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**. Hambly is ordered to pay the full filing fee within 21 days of the date of this order, or this case will be dismissed.

**IT IS FURTHER ORDERED** that Defendant State of Wisconsin is dismissed from this case with prejudice. Defendants City of Hartford and Washington County are dismissed without prejudice. Hambly may proceed with the present complaint against Officer Gary Cole or file an amended complaint with the Court on or before **October 28, 2023.** The amended complaint should state the basis for Hambly's claims against each defendant, including facts that would support a finding that each defendant violated his rights.

Dated at Milwaukee, Wisconsin on September 27, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge