UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT HAMBLY,

          Plaintiff,

          Case No. 23-cv-1222-bhl

v.

GARY COLE,

          Defendant.

## SCREENING ORDER

On September 14, 2023, Scott Hambly, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 asserting claims against four defendants: (1) the City of Hartford; (2) Washington County; (3) the State of Wisconsin; and (4) Police Officer Gary Cole. (ECF No. 1.) The Court promptly screened the complaint, pursuant to 28 U.S.C. § 1915, and denied Hambly's motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP) but concluded that his complaint stated a single cognizable claim against Officer Cole in his individual capacity. (ECF No. 5.) The Court ordered Hambly to pay the filing fee and directed that he could either proceed with a single Fourteenth Amendment claim against Officer Cole or file an amended complaint. (*Id.*) Hambly chose the latter option and filed an amended complaint on October 4, 2023, along with a motion asking the Court to reconsider its finding that he was not sufficiently indigent to proceed IFP. (ECF Nos. 6, 7.) On October 17, 2023, the Court concluded that Hambly had established his indigence but dismissed his amended complaint for failure to state any claims against any defendants.[1] (ECF No. 8.) In response, on November 1, 2023, Hambly filed a second amended complaint, naming only Officer Cole as a defendant, although the body of the complaint includes allegations against other unnamed persons and entities. (ECF No. 9.) That second amended complaint is now before the Court for screening.

---

[1] Because Hambly indicated he was suing each defendant in his or her official capacity, the Court was obligated to assess his claims under the framework for municipal liability established in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Under the *Monell* framework, Hambly failed to state a claim against any defendant, including Officer Cole.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Hambly filed his second amended complaint in two parts. In addition to a completed *pro se* form complaint, (ECF No. 9), Hambly attached a document entitled "COMPLAINT FOR VIOLATION OF CIVIL RIGHTS," (ECF No. 9-1), with additional allegations against Officer Cole and others. Documents attached to a complaint as exhibits are incorporated into the pleading. Fed. R. Civ. P. 10(c); *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452–53 (7th Cir. 1998). Accordingly, the Court will consider Hambly's second amended complaint as consisting of both documents.

Hambly's allegations again begin on September 3, 2021, when his "ex filed another false police report." (ECF No. 9 at 4.) As a result, "Officer Gary Cole yelled at [him] and threatened to have the 'judge remove' [his] child because [Hambly] was arguing." (*Id.*) Two weeks later, Hambly's child was removed by Washington County Child Protective Services (CPS).[2] (*Id.*) Hambly alleges this removal was the result of Officer Cole falsely reporting to CPS that Hambly abused his child and "influenc[ing] CPS and others to believe [his] lies." (*Id.*; ECF No. 9-1 at 1.) He claims CPS agents Beth Wanke and Gabriela Swearingen (not named in this second amended complaint) initially stated they would return Hambly's child to him, but "then said the 'police' influenced them not to." (ECF No. 9-1 at 1.) He says they "all went out into the hallway and had a secret conversation wherein they all conspired to make false crimes, and to intentionally falsely accuse [him] so they could illegally remove [his] [c]hild." (*Id.*) During this encounter, Hambly alleges he was "put in a room and forced to be interrogated." (*Id.* at 5–6.) He was "interrogated [] for hours," "told [he] could not leave," and denied the ability to make a phone call. (*Id.*) Ultimately, Hambly's child was removed for 137 hours. (*Id.* at 1.)

Hambly makes additional allegations of a similar vein throughout the complaint. Most of these allegations concern Officer Cole, but others generally attack the City of Hartford, the Washington County Health and Human Services Department and CPS, the Hartford Chief of Police, the Washington County District Attorney, the Wisconsin Attorney General, and the Governor.

With respect to his legal theories, Hambly alleges that Officer Cole violated his First, Fourth, Fifth, and Fourteenth Amendment constitutional rights, "while acting under color of [state] law," by "illegally detaining [Hambly], denying [his] right to due process, slandering [him], seizing [his] child illegally . . . and [] denying [Hambly's] parental rights over false crimes [Officer Cole] maliciously created." (ECF No. 9 at 3.) In the second part of his complaint, Hambly repeats these allegations and alleges violations of the Eighth, Ninth, and Tenth Amendments and various Wisconsin criminal statutes.[3]

With respect to damages, Hambly asserts he was "diagnosed with [Post-Traumatic Stress Disorder] from this incident." (*Id.* at 5.) He claims his name has been slandered and he is "not

---

[2] CPS is a division of the Washington County Health and Human Services Department.
[3] Wis. Stat. § 946.12 (Misconduct in public office); Wis. Stat. § 942.01 (Defamation); Wis. Stat. § 942.03 (Giving false information for publication); Wis. Stat. § 946.32 (False swearing); Wis. Stat. § 946.31 (Perjury).

treated good in [his] hometown anymore." (*Id.*) Hambly also indicates he is seeing a therapist to "help with mental trauma" and a doctor for "anxiety, depression and other health issues caused by and exacerbated by Officer [Cole's] malicious lies and actions." (*Id.*) For relief, Hambly requests $1,370,000 from Officer Cole, "[t]en [t]housand for every hour [Officer Cole] illegally and maliciously had [Hambly's] child removed from [him]." (*Id.*) He also requests reimbursement for all medical and legal expenses resulting from Officer Cole's actions. (*Id.*)

## ANALYSIS

To state a claim under Section 1983, Hambly must plausibly allege that (1) he was deprived of a constitutional or federal right; and (2) the defendant deprived him of that right while acting under color of state law. *Ienco v. City of Chicago*, 286 F.3d 994, 997–98 (7th Cir. 2002). Hambly alleges that Officer Cole acted under color of state law and violated his rights under the First, Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments.

As was the case with Hambly's first complaint, this laundry list of alleged constitutional violations is overbroad and unhelpful. The Ninth and Tenth Amendments are not sources of substantive individual rights that can sustain a claim under Section 1983, and nothing in Hambly's allegations plausibly implicates the Fifth or Eighth Amendments. Hambly's claims under those amendments cannot survive screening and will be dismissed. Likewise, Hambly's accusations that Officer Cole (and others) violated various Wisconsin criminal statutes do not state cognizable claims in this Court. A federal court has no authority to initiate state criminal charges against Officer Cole or any other defendants. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") To the extent Hambly seeks to invoke state criminal law, his claims are dismissed.

Hambly has, however, sufficiently alleged claims against Officer Cole for violations of the First, Fourth, and Fourteenth Amendments. He plausibly alleges that Officer Cole retaliated against him for arguing in violation of the First Amendment. *See, e.g.*, *Novoselsky v. Brown*, 822 F.3d 342, 354 (7th Cir. 2016). He also plausibly alleges that Officer Cole seized and interrogated him in violation of the Fourth Amendment. *See, e.g., Leaf v. Shelnutt*, 400 F.3d 1070, 1089–90 (7th Cir. 2005). And he plausibly alleges that Officer Cole violated his due process rights to familial relations under the Fourteenth Amendment by causing Hambly's child to be removed from his care. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1018–21 (7th Cir. 2000). The Court will allow Hambly to proceed on these claims against Officer Cole.

The second amended complaint includes multiple allegations against other Wisconsin state and local government agencies and officials. But only Officer Cole is named as a defendant. To the extent Hambly is attempting to assert claims against those other agencies and officials, he has failed to state viable claims against them. His allegations against the other state actors are highly generalized and appear to be context for his claims against Officer Cole, rather than separate claims against those agencies and individuals.

As stated above, Hambly may proceed with claims against Officer Cole under the First, Fourth, and Fourteenth Amendments. All other claims, against Officer Cole or any other putative defendants, are dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that Hambly may proceed IFP with claims against Officer Gary Cole under the First, Fourth, and Fourteenth Amendments. All other claims are **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the complaint, waiver of service form and/or the summons, and this order upon the defendant. Hambly is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(b). The current fee for waiver of service packages is $8 per item. 28 C.F.R. §0.114(a)(2). Congress has not made any provision for waiver of these service fees.

Hambly is now required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to the opposing party or its attorneys. Hambly should also retain a personal copy of each document. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the defendant or his attorney(s). Hambly is further advised that his failure to make a timely submission, including notifying the Court of any changes in address, may result in the dismissal of this case for failure to prosecute under Civil L. R. 41.

**IT IS FURTHER ORDERED** that the defendant shall file a responsive pleading to this complaint within the time allowed under the Federal Rules of Civil Procedure.

Dated at Milwaukee, Wisconsin on December 6, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge