SCOTT HAMBLY,

        Plaintiff,

                                                                  Case No. 23-cv-1222-bhl

  v.

GARY COLE,

        Defendant.

## ORDER GRANTING SUMMARY JUDGMENT

       On September 17, 2021, *pro se* Plaintiff Scott Hambly's minor daughter was removed from his custody by the Washington County Department of Health and Human Services – Division of Children and Families. Although his daughter was returned to his custody (in less than a week), Hambly blames Defendant Gary Cole of the Hartford Police Department for her removal and seeks to hold him accountable for constitutional violations under 42 U.S.C. §1983. At screening, the Court concluded that Hambly had alleged sufficient facts to state potential claims against Officer Cole under the First, Fourth, and Fourteenth Amendments. With the benefit of discovery, Officer Cole now seeks summary judgment on all claims, arguing that the undisputed facts establish that he did not violate Hambly's constitutional rights. Hambly opposes the motion but has not followed summary judgment procedure and offers only his own bare, conclusory assertions to support his claims and arguments. Because the undisputed facts establish, as a matter of law, that Officer Cole did not violate Hambly's constitutional rights, Officer Cole's motion for summary judgment will be granted and the case dismissed.[1]

---

[1] In anticipation of trial, the parties have filed a number of motions in limine. (ECF Nos. 62–77, 88–92.) Because the Court is granting Officer Cole's motion for summary judgment, it will deny the pending motions in limine as moot.

## BACKGROUND[2]

Hambly lives in Hartford, Wisconsin. (ECF No. 53 ¶1.) Officer Cole was, at all relevant times, an officer with the City of Hartford Police Department. (*Id.* ¶2.) Hambly has a minor daughter, Z.H., whose custody he shares with the child's mother, Kiah McKay. (*Id.* ¶3.) Hambly and McKay have a contentious relationship, with McKay having accused Hambly of abusing Z.H. multiple times, dating back to 2017. (*Id.* ¶¶4–6.)

On September 3, 2021, Officer Cole was dispatched to a child custody dispute at Hambly's residence and later met with both Hambly and McKay at the Hartford Police Station. (*Id.* ¶¶8, 14.) When the two parents would not stop arguing, Officer Cole told them he would contact Children's Court and request appointment of a guardian ad litem for Z.H. if they were unable to communicate civilly. (*Id.* ¶14–17.) Officer Cole's statement upset Hambly, who asked if Officer Cole was "threatening" to take Z.H. away. (*Id.* ¶18.) Officer Cole denied that he was threatening to have Z.H. taken away. (*Id.* ¶19.)

Four days later, on September 7, 2021, Hambly reported to Hartford Police that Z.H. told him that she "did sexual stuff with a boy" when in her mother's custody approximately two years earlier. (*Id.* ¶¶24–25; ECF No. 48-1 at 4.) Ten days after this report, on September 17, 2021, Hambly refused a pre-arranged custody exchange with McKay, citing concerns that Z.H. was being sexually assaulted at McKay's residence. (ECF No. 53 ¶¶29–37.) Later that night, at approximately 10:00 p.m., Officer Cole was dispatched to meet a member of the Lomira Police Department at the AMC Hospital regarding an investigation into the potential sexual assault of Z.H. (*Id.* ¶38.) Dispatch informed Officer Cole that the Lomira Police were transporting the victim and that the suspect was her father. (*Id.* ¶39.) Dispatch also relayed that someone from the Dodge County Department of Human Services was en route and asked that an officer be present because of uncertainty over how Hambly would behave. (*Id.* ¶40.) A Lomira police officer met Officer Cole at the hospital and told him that Hambly had called their department, alleging that Z.H. was being sexually abused at McKay's residence. (*Id.* ¶¶41–45.) The officer reported that the Lomira police had instructed Hambly to bring Z.H. to the hospital to receive a Sexual Assault

---

[2] These facts are derived from Officer Cole's statement of proposed facts and accompanying evidence in support of his motion for summary judgment. (ECF Nos. 48–50, 53–55.) When a party fails to properly respond to a motion for summary judgment, the Court must accept the moving party's version of the facts as true. *Terrell v. Am. Drug Stores*, 65 Fed. Appx. 76, 77 (7th Cir. 2003); Civil L. R. 56(b)(4).

Nurse Examiner (SANE) exam. (*Id.* ¶46.) The officer also told Officer Cole that Hambly had himself been previously accused of sexually abusing Z.H. (*Id.* ¶48.)

Gabriella Swearingen, a social worker with the Washington County Department of Health and Human Services – Division of Children and Families (DCF), met the officers and Hambly at the hospital. (*Id.* ¶¶50, 53; ECF No. 55 ¶3.) Hambly insisted that Z.H. undergo a SANE exam and forensic interview to determine whether Z.H. was being sexually abused while at McKay's home. (ECF No. 53 ¶51.) While at the hospital, Swearingen and the Lomira police officer also interviewed Hambly. (*Id.* ¶53.) Officer Cole was assigned to monitor Hambly throughout the events at the hospital, including the interview. (*Id.* ¶52.) During the interview, Officer Cole noticed that Hambly was having trouble concentrating on the questions asked of him, struggled to give direct or relevant answers, and would not look directly at his interviewers. (*Id.* ¶54.) After the interview, the Lomira police officer and Swearingen stepped out of the room while Officer Cole remained with Hambly. (*Id.* ¶55.) Officer Cole did not question Hambly about the sexual assault allegations but did ask if Hambly remembered their prior encounter and inquired as to his mental health. (*Id.* ¶57.) Hambly admitted to Officer Cole that his mental health had declined since their September 3, 2021 interaction and that he was not taking his medication. (*Id.* ¶58.)

Officer Cole then joined Swearingen and the Lomira officer in the hallway. (*Id.* ¶59.) All parties shared concerns about Hambly's mental health, and Officer Cole was asked if Hambly exhibited the same issues during their prior interaction. (*Id.* ¶60.) Officer Cole reported that he had concerns about Hambly's mental health during the September 3, 2021 interaction, but those concerns were mild compared to the present. (*Id.* ¶61.) Swearingen decided that Z.H. would not return home with either Hambly or McKay until the results of her SANE exam were received and a forensic exam and the investigation were completed. (ECF No. 55 ¶4.) She decided to place Z.H. in out-of-home care on September 17, 2021 because she could not rule out that either Hambly or McKay might be responsible for mistreating Z.H. (*Id.* ¶4.) Officer Cole did not advocate for Z.H. to be removed from her parents' care and had no influence over DCF's decision to remove Z.H. from Hambly's custody. (*Id.* ¶6; ECF No. 53 ¶65.)

In the presence of Officer Cole, another Hartford police officer, and the Lomira officer, Swearingen explained to Hambly that Z.H. would be placed in temporary custody until the SANE results came back and a forensic interview of Z.H. had been conducted. (*Id.* ¶68.) She also explained to Hambly that she did not feel comfortable leaving Z.H. with either parent because

there were allegations of sexual abuse against both of them. (*Id.* ¶69.) Hambly said he understood and suggested that Z.H. stay with his brother, but Hambly's brother then refused to take custody. (*Id.* ¶70.) Eventually, it was agreed that Z.H. would stay with Hambly's mother. (*Id.* ¶71.) Hambly became upset but did not explain why. (*Id.* ¶72.) He indicated that he was having trouble breathing, felt dizzy, and "could not feel his fingertips." (*Id.* ¶73.) Hambly agreed to be admitted to the hospital for evaluation. (*Id.*) Eventually, Hambly's mother came to the hospital to retrieve Z.H. (*Id.* ¶74.) Hambly was free to leave the interview and the hospital at all times. (*Id.* ¶80.)

On September 21, 2021, Washington County Court Commissioner Julie Maule held a hearing for the temporary physical custody of Z.H. (*Id.* ¶81; ECF No. 57-1 at 21–26.) The court adopted DCF's recommendation to place Z.H. with Hambly's mother. (ECF No. 57-1 at 23.) Shortly thereafter, however, Z.H. was returned to Hambly's custody, about five days after DCF first removed her from his custody. (ECF No. 49 at 108:4–10, 109:18-19.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the record shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Id.* at 248; *Contreras v. City of Chicago*, 119 F.3d 1286, 1291–92 (7th Cir. 1997). A dispute over a material fact is "genuine" only if a reasonable trier of fact could find in favor of the non-moving party on the evidence presented. *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of proving the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. Upon such a showing, the burden shifts to the opposing party to "make a showing sufficient to establish the existence of an element essential to that party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 322). This burden is not onerous, but the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party "must come

forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (emphasis in original) (quoting Fed. R. Civ. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

The rules and procedures governing summary judgment apply to both represented and *pro se* parties. *See Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001). This Court's local rules recognize, however, that *pro se* litigants may be unfamiliar with their obligations at summary judgment. Accordingly, the Court has adopted safeguards to help ensure that unrepresented parties understand the basic summary judgment process. When a represented party files a motion for summary judgment against a *pro se* litigant, Civil Local Rule 56(a)(1)(A) requires the moving party to include in their motion "a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion." Civil Local Rule 56(a)(1)(B) also requires the moving party to include in their motion "the text to Fed. R. Civ. P. 56 (c), (d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7," which describe the proper procedure and form for responding to a motion for summary judgment, as well as the consequences of failing to do so. The record confirms that Officer Cole complied with these local rules here.

## ANALYSIS

Hambly claims that Officer Cole violated his rights under the First, Fourth, and Fourteenth Amendments. More specifically, he alleges that Officer Cole retaliated against him for protected speech in violation of the First Amendment, unlawfully detained him in violation of the Fourth Amendment, and violated his due process right to familial relations under the Fourteenth Amendment. (*See* ECF No. 10 at 4.) Officer Cole argues that he is entitled to summary judgment on all claims. (ECF No. 51.)

As noted above, Officer Cole complied with his obligation under the local rules to provide Hambly with full notice of the summary judgment process and his response obligations. (*See id.* at 1–8.) Despite this notice, Hambly did not respond to Officer's Cole proposed statement of facts, as required by Local Rule 56(b)(2)(B). Instead, Hambly asserts that he has "already substantiated [his] claims as a matter of law," and provides an alternate characterization of some facts, but

without citations to evidence in the record. (*See* ECF No. 57.) Hambly asserts that he is a "first-hand direct witness and will testify in front of a Jury and the Jury should be allowed to determine the facts of this case and the merit of [his] testimony." (*Id.* at 1.) Hambly also attaches various unauthenticated police records and other state court documents, which he contends support his claims. (*See id.* at 1–6; ECF No. 57-1.) This is insufficient. "The primary purpose of summary judgment is to dispose of claims that have no factual support, and therefore, the nonmovant must respond with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial." *Vukadinovich v. Bd. of Sch. Trs.*, 278 F.3d 693, 699 (7th Cir. 2002) (citations and internal quotation marks omitted). Furthermore, Federal Rule of Civil Procedure 56(c)(1)(A) requires a party to support its assertions of fact by "citing to particular parts of materials in the record." Although Hambly attempts to refute some of the facts proposed by Officer Cole, he does so without reference to any evidence in the record. (*See* ECF No. 57.) While *pro se* litigants "benefit from various procedural protections" not afforded to represented parties (such as the notice requirements described above), they "are not entitled to a general dispensation from the rules of procedure." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Hambly has not complied with Civil Local Rule 56(b)(2)(B) or Federal Rule 56(c)(1)(A) and has not contested Officer Cole's proposed statement of undisputed facts with specific reference to either the facts contested or evidence in the record supporting his disagreement. By rule, that failure results in this Court accepting Officer Cole's version of the facts as undisputed for the purpose of summary judgment. *See* Fed. R. Civ. P. 56(e)(2); Civil L. R. 56(a)(1)(A); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

This does not necessarily mean that Officer Cole's motion must be granted. Under Federal Rule of Civil Procedure 56, he is still required "'to show that summary judgment [is] proper given the undisputed facts,' with those facts taken as usual in the light most favorable to the nonmovant." *Robinson*, 1 F.4th at 483 (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)). Because Officer Cole has carried this burden, as set forth below, his motion will be granted.[3]

---

[3] On December 30, 2024, Hambly filed a one-page document entitled "Plaintiff's Motion for Summary Judgment", (ECF No. 84), as well as proposed factual findings (again unsupported by reference to admissible evidence), (ECF No. 85), and additional unlabeled state-court documents, (ECF No. 85-1). Because Hambly's filing came more than three months after the deadline for dispositive motions, (*see* ECF No. 21), and does not comply with the Federal or Local Rules, it will be summarily denied.

**I. The Record Demonstrates that Officer Cole Did Not Retaliate Against Hambly.**

Hambly alleges that Officer Cole retaliated against him for being argumentative during their initial September 3, 2021 encounter in violation of his First Amendment rights. (ECF No. 9-1 at 2.) Officer Cole argues that he is entitled to summary judgment because Hambly has failed to provide any evidence to support any theory of retaliation. (ECF No. 52 at 6–7.) The Court agrees.

To prevail on a First Amendment retaliation claim, Hambly must prove "that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliation action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)).

In his complaint, Hambly alleges that Officer Cole "created a knowingly false crime" in retaliation for Hambly arguing with him. (ECF No. 9-1 at 2.) Retaliatory prosecutions are prohibited by the First Amendment when the plaintiff can show the absence of probable cause for the criminal charges. *Hartman v. Moore*, 547 U.S. 250, 265–66 (2006). But there is no evidence that Officer Cole accused Hambly of a crime or even threatened him with charges. Indeed, nothing in the record suggests Hambly was ever charged with any crime in relation to the events at issue. In his response brief, Hambly argues that "Officer Cole wrote slanderous false accusations in his own police report" and "made a declarative statement that it was me who disgustingly abused my little daughter." (ECF No. 57 at 1.) The police report refutes these contentions. In the report, Officer Cole simply repeats information relayed to him from dispatch that Hambly was a suspect in the sexual assault of Z.H. alleged in September 2021. (ECF No. 54-2 at 4.) He also reported that prior accusations had been made against Hambly, (*id.* at 5), a fact that Hambly confirmed at his deposition. (ECF No. 49 at 17:23–19:7.) At no point in his report did Officer Cole accuse Hambly of any crime and Officer Cole was entitled – indeed his job required him – to document the information he received that was relevant to his investigation.

Hambly also argues that he has "already proven" that Officer Cole threatened to have his child removed on September 3, 2021, and then "did in fact influence [DCF] into" having his child removed. (ECF No. 57 at 1.) In certain circumstances, a threat by a public official may be sufficient to sustain a First Amendment retaliation claim. *See Hutchins v. Clarke*, 661 F.3d 947, 957 (7th Cir. 2011) (holding that sheriff's retaliatory speech was not actionable because it "was

not accompanied by threat, coercion, or intimidation intimating punishment"). Those circumstances do not exist here. Indeed, the undisputed facts establish that Officer Cole did not improperly threaten Hambly in response to any protected speech. Rather, the record confirms that Officer Cole responded to the ongoing bickering between Hambly and McKay by telling them (reasonably) that he would ask that a guardian ad litem be appointed if they could not stop arguing. Even when Hambly took this statement as a threat, Officer Cole assured Hambly that he was not making any threat to take Z.H. away. And while Z.H. was later removed from Hambly's custody (for a short time), the assigned social worker, Swearingen, confirms the decision was hers and that Officer Cole did not exert any improper influence or control over that decision. Hambly's conclusory assertions to the contrary are insufficient to defeat summary judgment. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) ("Conclusory allegations, unsupported by specific facts, will not suffice.") Because the record is undisputed that Officer Cole took no retaliatory action in response to Hambly being argumentative, Officer Cole is entitled to summary judgment on Hambly's First Amendment retaliation claim.

II. **Officer Cole is Entitled to Summary Judgment on Hambly's Fourth Amendment Claim Because Probable Cause Existed to Detain Him.**

Hambly also claims that Officer Cole unlawfully detained him in violation of the Fourth Amendment when he questioned Hambly at the hospital on September 17, 2021. (ECF No. 9 at 3–4; ECF No. 9-1 at 5.) Officer Cole argues that summary judgment is appropriate on this claim because the record establishes that probable cause existed to detain Hambly while investigating the sexual assault of Z.H. that Hambly himself alleged. (ECF No. 52 at 8–11.) The Court agrees that the record confirms that any detention of Hambly at the hospital was reasonable and thus Officer Cole is entitled to summary judgment on this claim as well.

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. As an initial matter, it is not clear that Officer Cole actually seized Hambly at the hospital within the meaning of the Fourth Amendment. Hambly, himself, contacted both Hartford and Lomira police to report allegations that Z.H. was being sexually abused, an action that invited and indeed necessitated an inquiry by the police. Hambly then brought Z.H. to the hospital voluntarily, where he insisted on a SANE examination. "A consensual encounter between an individual and a law enforcement official does not trigger Fourth Amendment scrutiny." *United States v. Figueroa-Espana*, 511 F.3d 696, 702 (7th Cir. 2007) (citing *United States v. Moore*, 375 F.3d 580, 584 (7th Cir. 2004)). Hambly argues that he was told he "had to talk to the police" and

was "not allowed to leave" despite asking to leave. (ECF No. 57 at 3.) But Hambly offers no evidence to support either point. And Officer Cole's report indicates that Hambly was free to leave the interview and the hospital at any point. Nothing in the record, even viewed in the light most favorably to Hambly, would lead a reasonable person in Hambly's position to believe he was not free to terminate the encounter with Officer Cole. *See United States v. Drayton*, 536 U.S. 194, 201 (2002).

Even assuming that, at some point, Hambly's voluntary encounter with Officer Cole became a seizure, Officer Cole is entitled to summary judgment because any detention of Hambly in this circumstance would have been reasonable given the competing allegations of child sexual abuse. "Reasonableness under the Fourth Amendment is 'measured in light of the totality of the circumstances and determined by balancing the degree to which a challenged action intrudes on an individual's privacy and the degree to which the action promotes a legitimate government interest.'" *Siliven v. Ind. Dept. of Child Srvs.*, 635 F.3d 921, 928 (7th Cir. 2011) (quoting *Green v. Butler*, 420 F.3d 689, 694 (7th Cir. 2005)). In *Siliven*, parents had discovered bruising on their child's arm and contacted police, who referred the case to the Indiana Department of Child Services (DCS). *Id.* at 923. During its investigation, DCS discovered that the father had previously been accused of child abuse and decided, without a court order, to remove the child from the father's custody. *Id.* at 924. The parents brought a Fourth Amendment claim on behalf of their child, alleging that the child was unreasonably seized when he was removed from his father's custody. *Id.* at 926. The Seventh Circuit concluded that no Fourth Amendment violation had occurred because probable caused existed to remove the child, noting that DCS knew at the time of removal that the father had access to the child during the timeframe in which the injuries might have occurred and that there was a prior report of child abuse against the father. *Id.* 927. The Court of Appeals found those facts sufficient to support DCS's belief that the child was in danger. *Id.*

While the specifics of Hambly's Fourth Amendment claim are different, the facts are analogous to *Siliven*. Here, Hambly reported that Z.H. had been sexually abused, Hambly had custody of her, and Officer Cole was aware of prior sexual assault allegations against Hambly relating to Z.H. *Siliven* confirms that those facts were sufficient to warrant temporary removal of Z.H. from Hambly's custody, a far more extreme intrusion than the questioning that Hambly alleges. Under the circumstances, it would have been reasonable for Officer Cole to detain Hambly

long enough to investigate the allegations of maltreatment of Z.H. that Hambly himself had alleged. Moreover, the child's custody was promptly determined by the appropriate authority, not Officer Cole. Accordingly, Officer Cole did not violate the Fourth Amendment.

### III. Officer Cole is Entitled to Summary Judgment on Hambly's Fourteenth Amendment Claim Because He Did Not Cause Hambly's Child to Be Removed.

Hambly alleges that Officer Cole wrongfully caused Z.H. to be removed from his custody, in violation of his substantive due process right to familial relations under the Fourteenth Amendment. (ECF No. 9-1 at 5.) Officer Cole argues that the Court lacks jurisdiction over Hambly's Fourteenth Amendment claim under the *Rooker-Feldman* doctrine.[4] (ECF No. 52 at 15–17.) Alternatively, he argues that Hambly's claim fails because the record establishes that he was not responsible for Z.H. being removed from Hambly's custody and because the child's temporary removal was reasonable. (*Id.* at 17–19.)

Resolution of this claim does not require the Court to apply the complicated *Rooker-Feldman* doctrine, or even to wade into the specifics of the right to familial relations. In order to succeed on a claim under Section 1983, "a plaintiff must allege that *the defendant*[] deprived him of a right secured by the Constitution." *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000) (emphasis added). In other words, the defendant must cause the Constitutional violation the plaintiff alleges. As the Court has already explained, the record establishes that Officer Cole was not responsible for the decision to remove Z.H. from Hambly's custody. The DCF social worker, Swearingen, confirms in her uncontested declaration that Washington County DCF – not Officer Cole – decided to temporarily remove Z.H. from Hambly's care until an investigation could be completed. Officer Cole cannot be held liable for simply doing his job in connection with the underlying investigation. Indeed, Swearingen confirms that Officer Cole did not attempt to influence or exert control over DCF's decision. Hambly's conclusory assertions to the contrary are unsupported by reference to admissible evidence and, thus, are insufficient to defeat summary judgment. *See Payne*, 337 F.3d at 773.

### CONCLUSION

For the reasons stated above, Officer Cole has established that he is entitled to summary judgment on each of Hambly's claims.

Accordingly,

---

[4] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482–86 (1983).

**IT IS HEREBY ORDERED** that Officer Gary Cole's Motion for Summary Judgment, ECF No. 51, is **GRANTED** and this case **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Scott Hambly's Motion for Summary Judgment, ECF No. 84, is **DENIED**.

**IT IS FURTHER ORDERED** that the parties' motions in limine, ECF Nos. 62–77 & 88–92, are **DENIED as moot**.

Dated at Milwaukee, Wisconsin on January 23, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge