UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT HAMBLY,

        Plaintiff,

  v.                                       Case No. 23-cv-1222-bhl

GARY COLE,

        Defendant.

## ORDER DENYING MOTION TO RECONSIDER

      In this case, *pro se* Plaintiff Scott Hambly alleged that Defendant Officer Gary Cole of the Hartford Police Department violated his constitutional rights in connection with the temporary removal of Hambly's minor daughter from his custody by the Department of Health and Human Services – Division of Children and Families. (ECF No. 9.) On January 23, 2025, the Court granted Officer Cole's motion for summary judgment. (ECF No. 95.) On February 7, 2025, Hambly moved for reconsideration. (ECF No. 101.) While Hambly's motion is entitled one for reconsideration, he does not provide any grounds on which the Court might reverse its judgment. Instead, Hambly argues about some of the underlying facts and asks the Court to confirm that he had been falsely accused. (*Id.*) Because Hambly has provided no grounds for reconsideration, his motion is denied.

      A "motion to reconsider" technically does not exist under the Federal Rules of Civil Procedure. *Talano v. Nw. Med. Fac. Found., Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). Accordingly, courts generally treat motions to reconsider that challenge the merits of a ruling as seeking relief under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment and "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). By contrast, a Rule 60(b) motion for relief from a judgment, order, or proceeding is "designed to address mistakes attributable to special

circumstances and not merely to erroneous applications of law." *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009) (quoting *Russell*, 51 F.3d at 749).

Hambly's motion is timely under either Rule, but he fails to provide a basis for relief. He offers no reason to believe the Court made an error of the type contemplated by Rule 59(e) and he offers no basis for the Court to grant him relief from its summary judgment order under Rule 60(b). That Hambly disagrees with the Court's analysis does not warrant relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Scott Hambly's Motion for Reconsideration, ECF No. 101, is **DENIED**.

Dated at Milwaukee, Wisconsin on February 11, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge